*Rojas v. Human Resources Administration*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING TO A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 2nd day of October, two thousand twenty-three.

Present:
> BARRINGTON D. PARKER
> WILLIAM J. NARDINI,
> > *Circuit Judges,*
> JED S. RAKOFF,
> > *District Judge.* *

---

CARLOS ROJAS,

> *Plaintiff-Appellant,*
> v.

HUMAN RESOURCES ADMINISTRATION,

> *Defendant-Appellee.*

22-2055-cv

---

| | |
|---|---|
| For Plaintiff-Appellant: | Carlos Rojas, *pro se*, Brooklyn, NY |
| For Defendant-Appellee: | Jeremy Pepper, of Counsel (Melanie T. West, Of Counsel, *on the brief*), *for* Sylvia O. Hinds-Radix, Corporation Counsel of the City of New York, New York, NY |

---

 * Judge Jed S. Rakoff, of the United States District Court for the Southern District of New York, sitting by designation.

Appeal from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *District Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Carlos Rojas, proceeding *pro se*, appeals from a judgment of the United States District Court for the Eastern District of New York (Kiyo A. Matsumoto, *District Judge*) dismissing his claims under Title VII of the Civil Rights Act of 1964, the Age Discrimination in Employment Act ("ADEA"), the Americans with Disabilities Act ("ADA"), and the New York City Collective Bargaining Law. Rojas, an employee of the New York City Human Resources Administration ("HRA"), alleged that the HRA discriminated against him on various protected grounds by denying him promotions, withholding overtime pay, miscalculating his annual sick leave, and assigning him additional tasks beyond his position. He further claimed that the HRA retaliated against him when he filed such complaints. After granting leave to amend three times, the district court dismissed his complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Rojas appealed. We assume the parties' familiarity with the case.

We review *de novo* a district court's dismissal of a complaint pursuant to Rule 12(b)(6), accepting all factual allegations in the complaint as true and drawing all reasonable inferences in the plaintiff's favor. *Collins v. Putt*, 979 F.3d 128, 132 (2d Cir. 2020).[1] To survive a Rule 12(b)(6) motion to dismiss, the complaint must contain sufficient factual matter, accepted as true,

---

[1] Unless otherwise indicated, case quotations omit all internal quotation marks, alterations, footnotes, and citations.

to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). We liberally construe *pro se* submissions. *See Publicola v. Lomenzo*, 54 F.4th 108, 111 (2d Cir. 2022). While the dismissal stage focuses on the allegations as pleaded, a court may also consider documents attached to the complaint. *See United States ex rel. Foreman v. AECOM*, 19 F.4th 85, 106 (2d Cir. 2021).

After careful *de novo* review of the record and the district court's decision, we conclude that Rojas's claims (construed to name the appropriate party, the City of New York) were appropriately dismissed as time-barred and unexhausted, or alternatively for failure to state a claim. We therefore **AFFIRM** the district court's judgment for substantially the same reasons set forth in the court's opinion.[2] The Clerk of the Court is directed to seal Rojas's brief and appendix, docket #30, because they contain sensitive material that should not have been filed unredacted on the public docket.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Unrelated to the dismissal itself, Rojas argues that the district court should have entered a default because the defendant did not respond to the summons and complaint in a timely fashion. It appears that service by the Marshals was disrupted for a time due to the COVID-19 pandemic, and service was not actually perfected until January 2021. Because the district court was not "clearly wrong" in declining to enter a default or default judgment, we will not disturb its decision. *Pinaud v. County of Suffolk*, 52 F.3d 1139, 1152 n.11 (2d Cir. 1995).